KANSER *v.* KANSER.

1. DIVORCE—VISITATION—CUSTODY OF CHILDREN—ABUSE OF DISCRETION.
   Grant by trial court of liberal visitation privileges to defendant wife in divorce action where custody and divorce were granted to plaintiff husband *held,* not an abuse of discretion.

2. SAME—JURISDICTION—VISITATION—CHANGE OF CIRCUMSTANCES.
   A court in which proceedings for divorce are conducted retains jurisdiction over the question of visitation privileges of children and can make such further order as changes in the circumstances may justify.

3. SAME—WITNESSES—CUSTODY OF CHILDREN—APPELLATE COURTS.
   Trial court who sees and hears the parties and their witnesses in a divorce action is better equipped to decide custodial and best interest questions than are judges of appellate courts.

Appeal from Macomb; Carroll (Howard R.), J. Submitted Division 2 October 5, 1966, at Lansing. (Docket No. 655.) Decided February 14, 1967.

Complaint for divorce by Lee Charles Kanser against Christine Ann Kanser. Counterclaim for divorce filed by defendant. Judgment of absolute divorce granted to plaintiff. Custody of child was awarded to plaintiff, with liberal visitation privileges

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation § 801 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 779.

given to defendant. Plaintiff appeals from allowance of visitation privileges. Affirmed.

*Jacob R. Heffner,* for plaintiff.

*Raymond J. DeRyck (Joseph W. Louisell and Ivan E. Barris,* of counsel), for defendant.

N. J. Kaufman, J. Plaintiff, Lee Charles Kanser, was granted an absolute divorce from defendant, Christine Ann Kanser. There is one child by adoption who is about 8 years of age now. Defendant was granted "liberal" visitation privileges by the lower court.

Plaintiff alleges error in the granting of liberal visitation privileges to the mother.

Plaintiff cites numerous authorities for the proposition that when a spouse has been guilty of marital misconduct, the other spouse should have custody of the minor child. However, the issue before this Court involves a question of visitation privileges and not custody.

Defendant was not shown to have neglected or mistreated the child.

Testimony by her psychiatrist and an investigator from the office of the friend of the court indicates that defendant would be qualified to have custody of the child. No testimony was introduced to the contrary other than allegations by the father that the house was filthy and she would leave the child with him when she went out in the evenings. The court found only moderate neglect of the home due to defendant's employment and periods of depression.

It seems, then, if the mother would be fit to have custody, there appears to be no reason to deny visitation privileges. Liberal visitation rights were

granted to the wife because the judge in the lower court wanted the child to know his mother.

It is the opinion of this Court that the granting of liberal visitation privileges was not an abuse of discretion on the part of the trial judge.

While it is true that when the interest of a child demands it, a parent may be denied the right of visitation,[1] such a denial in the instant case is not warranted.

The trial judge exercised his discretion in determining this matter. That court retains jurisdiction over the question of visitation privileges and can make such further order as changes in the circumstances may justify.[2] Judges who see and hear the parties and their witnesses are better equipped to decide custodial and best interest questions than are judges of appellate courts. *Jaikins* v. *Jaikins* (1963), 370 Mich 488.

Affirmed. Costs to appellee.

QUINN, P. J., and McGREGOR, J., concurred.

---

[1] *Kane* v. *Kane* (1927), 241 Mich 96 and *Brown* v. *Brown* (1953), 335 Mich 511.

[2] CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97).