## CASBERGUE v CASBERGUE

Docket No. 58116. Submitted October 8, 1982, at Lansing.—Decided
March 1, 1983.

Plaintiff, John P. Casbergue, and defendant, Eugenia Casbergue,
were granted a divorce by the Ingham Circuit Court in 1979.
Custody of the parties' three minor children was awarded to
defendant and plaintiff was awarded specific visitation rights in
accordance with a detailed schedule. Following difficulties re-
garding compliance with the visitation provisions of the divorce
decree the Ingham Circuit Court entered an order amending
the judgment of divorce to set forth specific periods of visitation
for plaintiff and to impose an affirmative duty upon defendant
to assure that the two youngest children visit with plaintiff as
specified. Subsequent to entry of the order, plaintiff was unable
to effectuate visitation with the children. Defendant was, there-
fore, ordered to appear at a show cause hearing. There, the
trial court, James R. Giddings, J., found defendant in contempt
of court for failure to put forth a meaningful good faith effort
to secure compliance with the amended order. Defendant was,
therefore, sentenced to 60 days in jail with 57 days subject to
suspension upon the successful completion of a one-year proba-
tionary period. Defendant appeals. *Held:*

1. The trial court did not err in imposing an affirmative duty
upon the defendant in its visitation order and in finding defen-
dant guilty of contempt for violation of the order.

2. The determination of the relevancy of evidence sought to
be admitted at trial is left to the discretion of the trial court.

3. The trial court did not abuse its discretion in ruling that
the testimony of one of the parties' daughters regarding her

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 17 Am Jur 2d, Contempt § 40.
  24 Am Jur 2d, Divorce and Separation § 810.
[2] 24 Am Jur 2d, Divorce and Separation § 801.
  59 Am Jur 2d, Parent and Child § 45.
[3] 29 Am Jur 2d, Evidence §§ 249, 251.
[5] 17 Am Jur 2d, Contempt § 104.

preferences toward visitation with her father was irrelevant to the question of whether defendant violated the visitation order.

4. A trial court may hold an individual in contempt for violating a court-ordered visitation schedule. In civil contempt proceedings like the present action a defendant must be afforded an opportunity to purge himself of the contempt by complying with the conditions set by the judge to remedy the situation. Here, defendant was not given an opportunity to purge herself of the contempt with respect to the three-day period of her sentence which she was forced to serve. Therefore, that portion of the trial court's order pertaining to the three-day period for which defendant was not given an opportunity to purge herself is vacated.

Affirmed in part and vacated in part.

1. DIVORCE — CHILD CUSTODY — VISITATION — CONTEMPT.
A trial court in a divorce action may impose an affirmative duty on the custodial parent to ensure visitation with the noncustodial parent in accordance with the court's order and may find the custodial parent guilty of contempt for violation of the order.

2. DIVORCE — CHILD CUSTODY — VISITATION.
The best interests of the children involved in child custody matters are of paramount importance in the determination of visitation rights.

3. EVIDENCE — RELEVANCY.
The determination regarding the relevancy of evidence sought to be admitted at trial is left to the discretion of the trial court.

4. CONTEMPT — DIVORCE — VISITATION.
A trial court may hold an individual in contempt where the individual violates a court-ordered visitation schedule.

5. CONTEMPT — CIVIL CONTEMPT.
A defendant in civil contempt proceedings must be afforded an opportunity to purge himself of the contempt by complying with the conditions set by the judge to remedy the situation.

*Mitchell & Vilella, P.C.* (by *Philip A. Vilella*), for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

PER CURIAM. Defendant was held in contempt of court for failure to comply with a court order. Defendant was sentenced to 60 days in jail, with 57 days of the sentence to be suspended upon successful completion of a one-year probationary period. Defendant appeals as of right.

Plaintiff-husband and defendant-wife were divorced on March 2, 1979. The divorce decree awarded custody of the parties' three minor children to defendant. Plaintiff was awarded specific visitation rights in a detailed schedule. Subsequently, however, several show cause hearings were held as to why defendant should not be held in contempt for refusing and neglecting to obey the visitation provisions. As a result of an in-court agreement between the parties, an order amending the judgment of divorce was entered, setting forth specific periods of visitation for plaintiff with the parties' two minor daughters and imposing an affirmative duty upon defendant to assure that the daughters visited with plaintiff as specified. The eldest child was not required to visit with the plaintiff due to his age.

Subsequent to entry of the order, plaintiff was unable to effectuate visitation with either daughter. As a result, defendant was ordered to appear at a show cause hearing. There, the trial judge found defendant in contempt of court for failure to put forth a meaningful, good faith effort to secure compliance with the amended order. The trial judge sentenced defendant to 60 days in jail with 57 days subject to suspension upon the successful completion of a one-year probationary period. If

---

* Circuit judge, sitting on the Court of Appeals by assignment.

any scheduled visitations were missed during that period, a warrant was to be issued for her arrest.

On appeal, defendant argues first that the trial court erred in imposing an affirmative duty upon the defendant in the amended visitation order and in subsequently holding defendant in contempt of the affirmative duty provision. Defendant relies upon *Henshaw v Henshaw,* 83 Mich App 68; 268 NW2d 289 (1978), in arguing that a trial court does not have the power to impose an affirmative duty on the custodial parent to ensure visitation. Contrary to defendant's assertions, however, *Henshaw* does not restrict a trial court's power to impose affirmative duties on the custodial parent. Unless a trial judge is allowed to enforce a visitation schedule through the use of contempt powers, an award of visitation rights to a party will be meaningless. In the present case, plaintiff notified the Friend of the Court and the trial judge when he was unable to effectuate visitation in accordance with the order amending the judgment of divorce. Defendant testified that she told her daughters that they were required to visit their father by the visitation order but that she did not impose any discipline to make it clear that she expected the children to comply with the order. We hold that the trial court did not err in imposing an affirmative duty upon the defendant in its visitation order and in finding defendant guilty of contempt for violation of the order.

Defendant argues next that the trial court erred in not admitting testimony of one of the parties' daughters concerning her feelings toward visitation with her father. When determining visitation rights, as with child custody matters, the best interests of the children involved are of paramount importance. *Lorenz v Lorenz,* 70 Mich App

356, 358-359; 247 NW2d 569 (1976). In the instant case, the trial court did not give paramount consideration to the preferences of the two children in determining whether the visitation order was violated. The court observed that disruption of the parental relationship results in long-term harm and is much more important than the child's short-term preferences. The court reasoned that children's opinions should not be accorded such overwhelming weight as to cut off an important parental relationship.

A determination of relevancy is left to the discretion of the trial court. *E.g., Muilenberg v Upjohn Co,* 115 Mich App 316, 329; 320 NW2d 358 (1982). We hold that the trial court did not abuse its discretion in ruling that the testimony of one of the parties' daughters regarding her preferences toward visitation with her father was irrelevant to the question of whether defendant violated the visitation order.

Defendant argues finally that the trial court erred in sentencing defendant to a set and definite term of 60 days imprisonment for contempt. A trial court may hold an individual in contempt for violating a court-ordered visitation schedule. See MCL 600.1701(5); MSA 27A.1701(5); *Watters v Watters,* 112 Mich App 1, 7; 314 NW2d 778 (1981). The contempt proceedings in the instant case were civil in nature rather than criminal. *Cf. Watters, supra; Jaikins v Jaikins,* 12 Mich App 115; 162 NW2d 325 (1968). See also *Harvey v Lewis,* 10 Mich App 709; 160 NW2d 391 (1968). In civil contempt proceedings, a defendant must be afforded an opportunity to purge himself of the contempt by complying with the conditions set by the judge to remedy the situation. *Watters, supra,* p 10. Defendant was given the opportunity to

purge herself of the contempt with respect to 57 days of her sentence, which was subject to suspension upon further compliance with the scheduled visitations. Defendant was, however, forced to serve three days of her sentence without being afforded the opportunity to purge herself of the contempt. We hold that, in respect to the three-day period in which defendant was not given an opportunity to purge herself, the trial court's order holding defendant in contempt is vacated.

Affirmed in part; vacated in part.