MICHIGAN GAS & ELECTRIC CO. *v.* CITY OF DOWAGIAC.

1. MUNICIPAL CORPORATIONS—ELECTRICITY—CONSTITUTIONAL LAW.
    Fourth class city had right prior to Constitution of 1908, and still has, to acquire by purchase or to construct, operate and maintain works to supply electricity to city and its inhabitants and as an incident to furnishing same to inhabitants to do necessary wiring in connection with its distribution system (Const. 1908, art. 8, § 23, 1 Comp. Laws 1929, § 2100).

2. SAME—FRANCHISES—ELECTRICITY.
    Power of fourth class city to sell and furnish electricity to private individuals in connection with operation of its plant and install and maintain a distribution system therefor vested in it by Constitution and charter may not be abdicated by any franchise (Const. 1908, art. 8, § 23, 1 Comp. Laws 1929, § 2100).

3. COURTS—JURISDICTION—MUNICIPAL CORPORATIONS—ELECTRICITY.
    A court has no jurisdiction to make a decree in violation of a Constitution and statute relative to ownership and operation of works for sale and distribution of electrical energy.

4. INJUNCTION—MUNICIPAL CORPORATIONS—ELECTRICITY—SCOPE.
    On assumption that decree enjoining fourth class city from generating and distributing electrical energy for sale to the public and from extending its electric lines for such purpose until proper proceedings had been taken therefor, that of which plaintiff, a private corporation furnishing electricity in same locality, had a right to complain was the irregular or improper exercise of that power.

5. MUNICIPAL CORPORATIONS—ELECTRICITY—INJUNCTION—OFFICERS—CONTEMPT.
    Petition for contempt which sets forth decree to enjoin fourth 'class city from sale and distribution and extension of facilities for consumption of electricity by its inhabitants, that city and its officials had since made certain extension of lines and claiming that such was done wantonly and wilfully to prejudice rights of petitioner but which failed to set forth manner in which defendants violated the injunction issued *held*, insufficient.

6. Contempt—Petition—Affidavits—Sufficiency.

Valid order adjudging party in contempt cannot be made unless petition or affidavits upon which order is based set forth the nature and cause of accusations against alleged violators by setting up facts sufficient to constitute contempt as a matter of law.

7. Evidence—Presumptions—Officers—Electricity.

Officials of fourth class city who extended system for distributing electricity are presumed to have acted regularly and within the scope of their power.

Appeal from Cass; Simpson (John), J., presiding. Submitted June 14, 1935. (Docket No. 95, Calendar No. 38,450.) Decided October 11, 1935.

Bill by Michigan Gas & Electric Company, a Michigan corporation, against City of Dowagiac, a municipal corporation, and others to restrain defendants from extending electrical system of City of Dowagiac. On petition charging Clint Voorhees, superintendent of the Board of Public Works, and others with contempt. From decree finding defendants guilty of contempt, they appeal. Reversed.

*Carl D. Mosier* (*Sherman T. Handy,* of counsel), for plaintiff.

*Lewis W. James,* City Attorney, and *Jack L. Pollock* (*Harold Goodman,* of counsel), for defendants.

Potter, C. J. Petition by plaintiff for an order adjudging defendants guilty of contempt for violating a final decree of the trial court.

The city of Dowagiac is organized as a city of the fourth class. Const. 1908, art. 8, § 23, provides:

"Subject to the provisions of this Constitution, any city or village may acquire, own and operate, either within or without its corporate limits, public

utilities for supplying water, light, heat, power and transportation to the municipality and the inhabitants thereof,'' etc.

The city of Dowagiac, under its charter, had, prior to the Constitution of 1908, and still has, the right to acquire by purchase or to construct, operate and maintain, either within or without the city, works to supply gas, electric and other lights to the city and to the inhabitants thereof. 1 Comp. Laws 1929, § 2100. Incident to its right to furnish electricity to its inhabitants, it has a right to do the necessary wiring in connection with its distribution system.

In pursuance of the power vested in it, the city of Dowagiac owns and operates a municipal electric light plant and has the constitutional and statutory authority to sell and furnish electricity to private individuals in connection with the operation of its plant, to install and maintain a distribution system so to do. This power and authority vested in it by its constitution and charter may not be abdicated by any franchise.

The Michigan Gas & Electric Company filed a bill and obtained a decree against the city of Dowagiac, enjoining the defendant from enlarging or extending its electric lines for the sale and distribution of electrical energy until proper proceedings had been taken therefor, and from generating and distributing electrical energy for sale to the public until proper proceedings had been taken therefor.

Just what these proper proceedings were is left wholly indefinite by the decree. The court was wholly without jurisdiction to make any decree in violation of the Constitution and laws of the State covering the ownership and operation of works for the sale and distribution of electrical energy, and

we cannot find it assumed to do so. Assuming, as seems to be conceded, this decree was valid, defendants sought to extend their lines or distribution system so as to furnish electricity to some private individuals. This they clearly had the general power and authority to do. The thing of which plaintiff had a right to complain was the irregular or improper exercise of that power.

A petition was filed against the defendants for contempt in making these extensions. The petition sets up the terms and provisions of the decree, and that the defendants had made certain extensions of their lines to private individuals. It claims in its petition that this was done wantonly and wilfully and for the purposes of prejudicing the rights of petitioner, and constitutes a contempt of the order and decree of the court, which should be punished.

There is nothing in this petition which sets forth the manner in which the defendants violated the injunction issued, and no valid order adjudging defendants guilty of contempt can be made unless the petition or affidavits made the basis of the order set forth the nature and cause of the accusations against them by setting up facts sufficient to constitute contempt as a matter of law. 13 C. J. p. 65.

It is presumed the defendants, in making the extensions of their distribution system, acted regularly and within the scope of their power.

The petition wholly fails to set forth the manner in which the defendants violated the injunction and decree and are guilty of contempt, and the conviction is, therefore, reversed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.