# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY STURGIS,

Plaintiff-Appellant,

v

URIAN STURGIS, SR.,

Defendant-Appellee.

UNPUBLISHED
August 9, 2016

No. 326163
Wayne Circuit Court
LC No. 00-030453-DM

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

O'CONNELL, J. (dissenting).

I respectfully dissent. I would affirm the trial court's order finding plaintiff in contempt of court for failing to comply with the trial court's numerous orders.

This case is not complicated. On four separate occasions, the trial court entered orders requiring the plaintiff to secure counseling services for her children, and on each occasion, the plaintiff admitted that she did not comply with the court's orders. The court issued an order to show cause that plaintiff was either to secure counseling for the children or go to jail for failure to obey the court's orders. Plaintiff appeared at the show cause hearing with more excuses in hand, and the trial court informed her that she was going to jail if she did not secure counseling for her children.

Rather than place the plaintiff in jail, the trial court adjourned the show cause hearing until February 4, 2015, and appointed counsel for the plaintiff. At the adjourned hearing, the plaintiff once again offered more excuses for failing to comply with the court's numerous orders. On February 4, 2015, the trial court found plaintiff in contempt of court for her failure to comply with the court's lawful orders and leniently sentenced plaintiff to serve two days in jail.

Trial courts have both "inherent independent authority," as well as authority provided by statute, to hold a person in contempt. *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995). "The courts have the responsibility to apply the contempt power judiciously and only when the contempt is clearly and unequivocally shown." *In re Contempt of Dudzinski*, 257 Mich App 96, 109; 667 NW2d 68 (2003). If the party refuses to do something he or she is ordered and the purpose of the trial court's contempt order is to compel the party to act in accordance with a court order, the contempt is civil in nature. *Porter v Porter*, 285 Mich App 450, 456; 776 NW2d 377 (2009).

-1-

The majority concludes "that additional clarification regarding the classification of the proceedings and the trial court's findings is required for us to review plaintiff's claims." I disagree. I conclude that the trial court's ruling was clear, and it displayed a great deal of patience in this matter. It would be difficult to find a trial court that exhibited more patience with an individual that continuously disobeyed the court's succinct orders. The trial court repeatedly informed plaintiff that failure to comply with its orders would result in jail time, and plaintiff admits that she did not comply with the court's numerous orders. The trial court repeatedly emphasized that the children needed counseling. It found plaintiff in contempt for her noncompliance with the trial court's orders. After sentencing plaintiff to two days in jail, it immediately ordered defendant to take the children to counseling.

I conclude that the trial court's ruling was more than fair and clearly civil in nature. Based on this record, it was obvious that the trial court gave the plaintiff a choice to either comply with the trial court's orders or go to jail, and the plaintiff chose jail time.

I would affirm the learned trial court's decision.

/s/ Peter D. O'Connell