# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY STURGIS,

        Plaintiff-Appellant,

v

URIAN STURGIS, SR.,

        Defendant-Appellee.

UNPUBLISHED
August 9, 2016

No. 326163
Wayne Circuit Court
Family Division
LC No. 00-030453-DM

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Kimberly Sturgis, appeals as of right the trial court order finding her in contempt of court and sentencing her to two days in jail as part of this ongoing divorce action against defendant, Urian Sturgis, Sr., her former husband. We remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

This case has a long and protracted history in both the Wayne Circuit Court and this Court. There is no dispute that plaintiff failed to secure counseling services for the parties' children as required under orders entered by the trial court on August 13, 2013, October 16, 2013, November 18, 2013, and August 28, 2014. Throughout the proceedings, plaintiff acknowledged her failure to do so, but offered a variety of excuses, which primarily related to her lack of income, defendant's failure to pay child support, and a lack of healthcare coverage for the children during certain periods of time.

On December 3, 2014, defendant filed a motion to show cause, requesting that the trial court hold plaintiff in contempt of court due to her failure to comply with the court's orders. His motion seemingly alleged that (1) plaintiff falsely described the status of the children's health insurance, and (2) insurance was not required for the children to receive counseling, as the relevant agency "said the children are in the system." On the same day, the Friend of the Court filed a motion to show cause for contempt, which stated that it had received information that plaintiff violated the trial court's August 28, 2014 order by refusing to enroll the children in counseling and by providing misinformation regarding the status of the children's health insurance. The trial court entered a show cause order, requiring plaintiff to appear on January 28, 2015, to show why she should not be held in contempt.

-1-

The trial court held the hearing as scheduled on January 28, 2015, at which time it stated its conclusion that plaintiff should go to jail for her failure to comply with its orders requiring counseling for the children. However, it subsequently provided counsel for plaintiff and then adjourned the proceedings until February 4, 2015, due to its stated belief that such an adjournment was required given the fact that plaintiff was not personally served with notice of the contempt proceedings before the January 28, 2015 hearing. Consistent with its statement on the record during the February 4, 2015 hearing, the trial court entered an order holding plaintiff in contempt of court for her failure to comply with the trial court's orders and sentencing her to two days in jail. It is not clear from the record whether plaintiff completed the jail time.

## II. APPEAL OF CONTEMPT ORDER

On appeal, plaintiff challenges the trial court's contempt order on two grounds. First, she contends that the trial court clearly erred in concluding that she *willfully* disobeyed the trial court's orders requiring that her children be afforded mental health treatment. Second, she contends that the trial court violated her due process rights during the contempt proceedings.

The evidentiary and due process standards applicable to contempt proceedings vary depending on whether the contempt proceedings are criminal or civil in nature. See *Porter v Porter*, 285 Mich App 450, 456-457; 776 NW2d 377 (2009); *DeGeorge v Warheit*, 276 Mich App 587, 592; 741 NW2d 384 (2007); *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 711-714; 624 NW2d 443 (2000). However, the trial court in this case did not specify whether it was holding plaintiff in criminal or civil contempt. It is unclear from the trial court's limited findings on the record, especially when considered in conjunction with the ongoing efforts of the parties to enroll the children in counseling services, whether the court believed that plaintiff should be held in contempt of court (1) because it concluded, by a preponderance of the evidence, that plaintiff failed to comply with its previous orders, such that sanctions were required to coerce plaintiff to comply (*i.e.*, civil contempt), or (2) because it concluded, beyond a reasonable doubt, that it had been clearly and unequivocally shown that plaintiff *willfully* disregarded or disobeyed a court order, such that plaintiff's past disobedience should be punished (*i.e.*, criminal contempt). See *Porter*, 285 Mich App at 455-457; *DeGeorge*, 276 Mich App at 592; *In re Auto Club Ins Ass'n*, 243 Mich App at 711-714.[1]

---

[1] Although the dissent cites the definition of civil contempt in *Porter*, 285 Mich App at 456, it fails to identify any facts in the record in support of its conclusory finding that "the trial court's ruling was clear" and "clearly civil in nature." Instead of applying the relevant standards, the dissent, to reach its desired outcome, focuses primarily on the trial court's patience in this matter. Although we also acknowledge the learned trial court judge's tolerance in this case and commend her, a trial court's patience is not a factor that we should consider in determining whether the contempt proceedings were civil or criminal and, accordingly, whether the proceedings fulfilled the due process standards applicable to each type of contempt proceeding. See *Porter*, 285 Mich App at 455-457; *DeGeorge*, 276 Mich App at 592; *In re Auto Club Ins Ass'n*, 243 Mich App at 711-714. Yet, the dissent relies solely on this to reach its conclusion. Again, we conclude, based on our review of the record, that further clarification from the trial

"When adjudicating contempt proceedings without a jury, a court must make findings of fact, state its conclusions of law, and direct entry of the appropriate judgment." *In re Contempt of Henry*, 282 Mich App 656, 674; 765 NW2d 44 (2009); see also *DeGeorge*, 276 Mich App at 596 ("A court that is adjudicating contempt proceedings without a jury must make findings of fact."). This was not accomplished here. Because the nature of the proceedings is not immediately apparent from the record, we conclude that additional clarification regarding the classification of the proceedings and the trial court's findings is required for us to review plaintiff's claims. Therefore, remand is necessary to allow the trial court to provide detailed factual findings and reasoning for holding plaintiff in contempt of court. See MCR 7.216(A)(7).

On remand, the trial court shall (1) indicate the intended purpose of the contempt proceedings so that we may determine whether the trial court intended them to be criminal or civil in nature, (2) clarify the factual findings and conclusions of law that supported its finding of contempt, and (3) state whether plaintiff actually served two days in jail after the trial court's order was entered.

### III. CONCLUSION

We remand this case to the trial court for more complete findings and conclusions of law regarding the contempt proceedings in this case. The trial court shall have 28 days from the date that this opinion is released to make all necessary findings and conclusions, to prepare a supplemental order containing those findings and conclusions, and to transmit a copy of that supplemental order to this Court. See MCR 7.216(A)(7). The trial court need not take any additional evidence on remand.

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Michael J. Riordan

---

court is necessary for us to render a decision in this matter because it is not apparent from the existing record whether the contempt proceedings were civil or criminal in nature.

# Court of Appeals, State of Michigan

## ORDER

Kimberley Sturgis v Urian Sturgis, Sr.

Docket No. 326163

LC No. 00-030453-DM

Kathleen Jansen
Presiding Judge

Peter D. O'Connell

Michael J. Riordan
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

The trial court shall have 28 days from the date of the Clerk's certification of this order to make all necessary findings and conclusions, to prepare a supplemental order containing those findings and conclusions, and to transmit a copy of that supplemental order to this Court. See MCR 7.216(A)(7). In particular, as stated in the accompanying opinion, the trial court shall (1) indicate the intended purpose of the contempt proceedings (2) clarify the factual findings and conclusions of law that supported its finding of contempt, and (3) state whether plaintiff did, in fact, serve two days in jail after the order was entered. The trial court need not take any additional evidence on remand.

We retain jurisdiction.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

AUG 09 2016
Date

Chief Clerk