# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Contempt of ANDREW A. PATERSON.

---

CITIZENS UNITED AGAINST CORRUPT
GOVERNMENT and ROBERT DAVIS,

      Plaintiffs,

v

STATE OF MICHIGAN, GOVERNOR,
DEPARTMENT OF TREASURY,
DEPARTMENT OF STATE POLICE, and
BOARD OF CANVASSERS,

      Defendants,

and

NEW ENERGY TO REINVENT AND
DIVERSIFY FUND, also known as NERD FUND,
RICHARD BAIRD, and MAYOR OF DETROIT,

      Defendants-Appellees,

and

ANDREW A. PATERSON,

      Appellant.

UNPUBLISHED
May 9, 2017

No. 331359
Ingham Circuit Court
LC No. 13-001195-AW

---

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

    Andrew A. Paterson, the attorney representing the plaintiffs in the underlying litigation related to this appeal, appeals the circuit court's order finding him in criminal contempt of court.

For the reasons set forth below, we vacate the circuit court's order finding him in criminal contempt of court and remand this matter for further proceedings consistent with this opinion.[1]

While a trial court's decision to hold an individual in contempt of court is generally reviewed for an abuse of discretion, see, e.g., *In re Contempt of Henry*, 282 Mich App 656, 671; 765 NW2d 44 (2009), unpreserved procedural arguments, including those having constitutional implications, are reviewed under the plain error rule, *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met:  1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *Id*.  "Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence."  *Id*.

"No person may be deprived of life, liberty, or property without due process of law."  *In re Contempt of Henry*, 282 Mich App at 669.  Actions for civil contempt and actions for criminal contempt are distinct actions.  A person accused of civil contempt is only entitled to "rudimentary due process, i.e., notice and an opportunity to present a defense[.]"  *Porter v Porter*, 285 Mich App 450, 456-457; 776 NW2d 377 (2009).  A person accused of criminal contempt, however, is accused of a crime.  *Id*. at 455.  Consequently, he or she is entitled to "some of the due process safeguards of an ordinary criminal trial."  *Id*. at 456.  These safeguards include the right to be informed of the nature of the charge, the right to be informed as to whether the contempt proceedings are civil or criminal, an adequate opportunity to prepare a defense, an opportunity to secure the assistance of counsel, the right to produce witnesses, the right against self-incrimination, and the right to have the charge proved beyond a reasonable doubt. *DeGeorge v Warheit*, 276 Mich App 587, 592; 741 NW2d 384 (2007).

It is quite apparent, at least in our view, that the trial court plainly erred by violating some, if not all, of these due process safeguards.  Stated simply, Paterson was never informed that he was subject to criminal, as opposed to civil, contempt until the trial court found him in criminal contempt.  Furthermore, we are of the view that Paterson was prejudiced by this plain error.  The prejudice prong of the plain error test "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings."  *Carines*, 460 Mich at 763. Here, the complete lack of notice with respect to the possibility of criminal contempt, the complete lack of a meaningful opportunity to defend himself, and the complete lack of access to counsel did affect the outcome of the lower court proceedings.  The record reveals that the trial court found defendant in contempt of court in an effort to induce compliance with its earlier order to pay sanctions.  Consequently, civil contempt, not criminal contempt, was appropriate, and it is our view that had defendant been afforded the safeguards discussed above, the outcome

---

[1] While Paterson is, arguably, not an aggrieved *party* for purposes of MCL 7.203, we nevertheless choose to address his appeal on the merits as a granted application for leave to appeal. *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

of the lower-court proceedings could have been changed to reflect that difference, which is a major difference in light of the fact that appellant is an attorney. Additionally, such blatant constitutional violations in a criminal contempt proceeding do affect the fairness, integrity, and public reputation of the judicial proceedings. At a minimum, Paterson's constitutional rights to notice, to present a defense, and to counsel were all violated during these brief proceedings. To the extent it is argued that these violations are irrelevant because Paterson admitted his failure to comply with the circuit court's previous order, it is important that we not forget that this admission was in violation of his constitutional right against self-incrimination, yet another constitutional violation that took place during these proceedings. We therefore conclude that a plain error affecting substantial rights occurred, and that this plain error requires reversal under the facts and circumstances of this case.[2]

Accordingly, we vacate the circuit court's order finding Paterson in criminal contempt of court and remand for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[2] We also reject any argument that Paterson waived these constitutional rights before the circuit court. Waiver requires an intentional relinquishment or abandonment of a known right, *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000), and, because he was unaware of the fact that the proceedings against him were criminal in nature, it cannot be said that Paterson intentional relinquished or abandoned a known right.