# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN MICHAEL-FERDINA RICHARDS,

Defendant-Appellant.

UNPUBLISHED
October 26, 2017

No. 333122
St. Clair Circuit Court
LC No. 15-001821-FH

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his judgment of contempt for being late to a motion hearing, which tardiness was but just one instance of a litany of contemptible acts and insolent behavior engaged in by defendant during the proceedings. The trial court sentenced defendant to 30 days in jail for criminal contempt, to be served concurrently with the sentence on defendant's underlying conviction of aggravated domestic violence, MCL 750.81a(2).[1] We affirm.

Defendant contends that there was no basis for finding him in contempt because he did not willfully disobey the trial court or show up late, and even if he did, the court was not negatively affected by his conduct.

"A trial court's findings in a contempt proceeding are reviewed for clear error and must be affirmed on appeal if there is competent evidence to support them." *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009). We are not permitted to weigh the evidence or assess the credibility of the witnesses in determining whether there was competent evidence to support the findings. *Id.* at 668-669. Clear error exists when the appellate court is left with the firm and definite conviction that a mistake was made. *Id.* at 669. The ultimate decision to issue a contempt order rests in the sound discretion of the trial court, which we review for an abuse of discretion. *Id.* at 671. "If the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *Id.*

---

[1] The trial court originally ordered the sentences to be served consecutively, and defendant challenges that ruling on appeal. However, the trial court subsequently amended the judgment of sentence to reflect concurrent sentencing, thereby rendering moot defendant's argument on that matter.

-1-

Contempt of court encompasses willful acts, omissions, or statements that tend to impair the authority or impede the functioning of a court. *In re Contempt of Dudzinski*, 257 Mich App 96, 108; 667 NW2d 68 (2003); *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995). "Courts have inherent independent authority, as well as statutory authority, to punish a person for contempt." *Robertson*, 209 Mich App at 436. Pursuant to MCL 600.1701(a), a court is authorized to hold a person in contempt of court for "[d]isorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due to its authority." And pursuant to MCL 600.1701(g), a court is authorized to hold a party in contempt of court "for disobeying any lawful order, decree, or process of the court." "A party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." *Kirby v Mich High Sch Athletic Ass'n*, 459 Mich 23, 40; 585 NW2d 290 (1998). The main purpose of a court's contempt authority is to sustain the power and preserve the effectiveness of the court. *Dudzinski*, 257 Mich App at 108. Punishment for contempt is proper when necessary to restore order in the courtroom or to ensure respect for the judicial process. *Id.* at 108-109.

Defendant's behavior constituted criminal contempt of court, as opposed to civil contempt. See *In re Contempt of Rochlin*, 186 Mich App 639, 644-648; 465 NW2d 388 (1990) (criminal contempt concerns punishment for a completed act of disobedience, so as to vindicate the authority of the court, whereas civil contempt regards a coercive effort by a court to force a noncompliant party to do an act that was commanded by the court). "When any contempt is committed other than in the immediate view and presence of the court, the court may punish it . . . after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend." MCL 600.1711(2); see also MCR 3.606(A). On the other hand, "[w]hen any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both." MCL 600.1711(1). "[P]unishment for contempt may be a fine of not more than $7,500.00, or imprisonment which, except in those cases where the commitment is for the omission to perform an act or duty which is still within the power of the person to perform, shall not exceed 93 days, or both, in the discretion of the court." MCL 600.1715(1). "A party charged with criminal contempt is presumed innocent, enjoys the right against self-incrimination, and the contempt must be proven beyond a reasonable doubt." *Porter v Porter*, 285 Mich App 450, 456; 776 NW2d 377 (2009).

Although defendant was specifically found to be in contempt for being late to a hearing on November 16, 2015, he behaved contemptuously throughout the entire case. First, during a hearing on October 26, 2015, defendant was late to court and was reprimanded by the trial court. Specifically, defendant showed up for the motion hearing at the time scheduled and spoke to his attorney in the hallway. However, when the case was called 25 minutes later, defendant could not be located. When defendant eventually entered the courtroom, he was talking on his cellphone. The trial court asked him why he was late, to which he replied, "Ma'am, I just stepped out to – my brother was calling so I stepped out to talk to him and I just smoked a cigarette." On November 3, 2015, defendant pleaded guilty to the underlying charge. During that hearing, defendant interrupted the trial court over 10 times, with the court often warning defendant to stop talking or else he would be found in contempt. Defendant was repeatedly argumentative, disrespectful, and noncompliant with the trial court's instructions.

On November 16, 2015, a hearing was conducted for purposes of determining whether defendant's bond should be revoked, and he was again late, arriving ten minutes after the scheduled hearing and maintaining, on inquiry by the court, that he was late because a bus was not on time and he was forced to walk. The trial court did not find defendant's story and excuse to be credible. The court noted that defendant had also been late on the day that his trial, which never took place, had been scheduled. At the bond hearing, defendant interrupted testimony by his wife, making spontaneous comments in the courtroom. Later in the hearing, when the court was rendering its ruling, defendant began making disruptive gestures and was scolded by the court for doing so. The trial court proceeded to note its belief, based on defendant's history, that he "shows up when he feels like it," and the court also indicated that it had warned defense counsel that defendant would be held in contempt if he was late. The court held defendant in contempt for failing to appear at the scheduled time for the bond hearing and gave him 30 days in jail, causing defendant to blare out that he would immediately report the matter to the Judicial Tenure Commission. Defendant's gamesmanship relative to the criminal justice system was evident.

On this record, there existed proof beyond a reasonable doubt that defendant engaged in willful acts of disorderly, contemptuous, disrespectful, and insolent behavior, disrupting and disobeying the process of the court. We defer to the trial court's assessment of defendant's credibility or his lack thereof. *Henry*, 282 Mich App at 668-669. We also heed the words of this Court in *People v Kammeraad*, 307 Mich App 98, 148-149; 858 NW2d 490 (2014), wherein the panel, examining the soundness of a contempt ruling issued against the defendant at his sentencing hearing, explained:

> Given [the] defendant's actions, appearance, and comments at the sentencing hearing, which must be viewed in the context of his behavior *throughout the entirety of the proceedings*, we hold that the circuit court did not abuse its discretion by holding [the] defendant in contempt of court. . . . The circuit court had been remarkably patient with [the] defendant throughout the course of the judicial proceedings, and [the] defendant's continued defiant conduct compelled the court's contempt response in order to restore some order to the courtroom and to ensure some level of respect for the proceedings. [Emphasis added.]

Here, although the ten-minute tardiness by defendant, if viewed in isolation or in a vacuum, may perhaps not have justified the contempt ruling and punishment, when it is considered in conjunction with defendant's aberrant behavior throughout the entirety of the proceedings, there was more than adequate evidence to support the trial court's contempt finding and the 30-day jail sentence.

Affirmed.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause