*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DAVID MARTINEZ,

       Plaintiff-Appellee,

v

AMANDA JO MARTINEZ,

       Defendant-Appellant.

UNPUBLISHED
March 16, 2023

No. 359759
Ottawa Circuit Court
LC No. 20-094595-DM

Before: M. J. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Defendant, Amanda Jo Martinez, filed a claim of appeal from the trial court's order finding her in contempt of the court's parenting-time order. For the reasons stated in this opinion, we dismiss for lack of jurisdiction.

Plaintiff, John David Martinez, filed for divorce in 2020. John and Amanda engaged in mediation and reached a settlement agreement. In July 2021, the court entered a consent judgment of divorce. Relevant to this appeal, the consent judgment set forth a parenting time schedule for the parties' teenaged minor child. Approximately three month later, John filed a petition for show cause for why Amanda should not be held in contempt for her failure to comply with the parenting-time order. He alleged that he had been denied parenting time with their teenaged child on five occasions, that the denials were ongoing, and that Amanda declined to participate in online dispute resolution through the Friend of the Court. The court entered a show-cause order and set the matter for a hearing.

On December 6, 2021, the court held a show-cause hearing. A transcript of this hearing has not been provided. However, based on representations by the parties and by the court at a later hearing, it appears that the court found that Amanda had failed to comply with the parenting-time order because she did not enforce it. The court, however, did not impose sanctions and instead set the matter for a continued hearing.

At that hearing, the court heard testimony that the parties' teenaged child continued in her refusal to attend parenting time. Amanda's efforts at enforcing the order consisted of conversations with the child where she indicated that he should go to parenting time with John.

Amanda also suggested that one of their adult children act as a mediator between the minor child and John. The trial court heard testimony that the child had indicated to John both orally and in writing that he felt uncomfortable with him. However, John testified that the verbiage in the text messages was more consistent with Amanda than it was with the child. He also testified that when he told Amanda he was filing for divorce, she warned him that if he divorced her he would also be divorcing his family. Finally, John testified that he had included Amanda in the communications between him and the child, but that she did not make any responses encouraging the child to go with him. Amanda claimed that was because she was working when the parenting-time exchange was set to occur. However, John testified that when he e-mailed Amanda, she would not respond half of the time and the times she did respond, she would not completely address any questions.

Thereafter, the court found that Amanda continued to be in contempt of the parenting-time order. The court explained:

> [T]he Court has already made that determination on Monday that [Amanda] has not complied with the Court-order regarding parenting time. She has avoided enforcing the order. Her only attempts at enforcement are conversation and the Court held her in contempt on Monday of this week for violating the parenting time order. There's been nothing provided today which would undercut that finding. In fact, it's become apparent that the problem the parties are facing may be one that [Amanda] began when she told [John] in front of the children that, "You're not just divorcing me, you're divorcing your family," that kind of alienating statement has really set the tone for the post-judgment problems that have arisen here. So I do find that [Amanda] is in contempt of court of violating the parenting times of the Judgment of Divorce entered on July 27. I sentence her to pay a fine of 100 dollars to the Friend of the Court, pursuant to statute, and to serve 20 days in [jail]. I will suspend the last 16 days of that sentence on the condition that there are no further violations of parenting time, but she will serve the initial four days immediately. And with that, we will adjourn. And [Amanda], you're to wait for an officer and we'll hope that you start carrying out your parental obligations as were agreed in the Judgment of Divorce.

Amanda served four days in jail and paid the $100 fine to the Friend of the Court.

Thereafter, she filed a claim of appeal with this Court, asserting that the trial court abused its discretion by finding her in criminal contempt of court. She asserts that the record showed that there was a breakdown in the relationship between John and the child. She believed that the child should have been allowed to decide for himself whether he wanted to attend parenting time and that the court should not have coerced her child into complying by incarcerating her and threatening her with additional incarceration if he continued to refuse parenting time with his father. She also stated that the trial court erred by finding parental alienation based on her pre-divorce statement.

In response, John contends that the trial court found her in civil contempt, not criminal contempt. Because appeals of criminal contempt are by right, but appeals of civil contempt are only by leave granted, see *In re Moroun*, 295 Mich App 312, 329; 814 NW2d 319 (2012), he asks this Court to dismiss Amanda's appeal for lack of jurisdiction.

-2-

While this appeal has been pending, the child turned 18 years old and is no longer subject to the parenting-time order. See *Hayford v Hayford*, 279 Mich App 324, 327; 760 NW2d 503 (2008) (stating that a trial court's continuing jurisdiction regarding a parenting-time determination ends when a child reaches the age of majority). Amanda, therefore, suggests that the issue of whether the court abused its discretion by finding her in contempt is moot. She suggests, however, that the issue of whether this Court has jurisdiction over her appeal, remains justiciable.

A contempt may be either civil or criminal. *In re Moroun*, 295 Mich App at 32. The nature of contempt may be distinguished by the character and purpose of the trial court's sanctions. *In re Contempt of Rochlin*, 186 Mich App 639, 644-645; 465 NW2d 388 (1990). The sanctions for criminal contempt are punitive in nature. *DeGeorge v Warheit*, 276 Mich App 587, 591; 741 NW2d 384 (2007). As explained by this Court:

> Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both. Criminal contempt is intended to punish the contemnor for past conduct that affronts the dignity of the court. Thus, when a court exercises its criminal contempt power it is not attempting to force the contemnor to comply with an order, but is simply punishing the contemnor for past misconduct that was an affront to the court's dignity. [*Porter v Porter*, 285 Mich App 450, 455; 776 NW2d 377 (2009) (quotation marks and citations omitted).]

On the other hand, the sanctions for civil contempt are remedial in nature. *DeGeorge*, 276 Mich App at 591.

> [I]f the court employs its contempt power to coerce compliance with a present or future obligation or to reimburse the complainant for costs incurred by the contemptuous behavior, including attorney fees, the proceedings are civil. Thus, there are two types of civil contempt sanctions, coercive and compensatory. Nevertheless, civil sanctions primarily intended to compel the contemnor to comply with the court's order may also have a punitive intent. If the contempt consists in the refusal of a party to do something which he is ordered to do for the benefit or advantage of the opposite party, the process is civil . . . . The order in such a case is not in the nature of a punishment, but is coercive, to compel him to act in accordance with the order of the court. [*Porter*, 285 Mich App at 455-456 (quotation marks and citations omitted; ellipsis in original).]

"Differentiating between civil contempt and criminal contempt is not easy because both forms of contempt might result in the contemnor's being imprisoned for willfully failing to comply with an order of the court." *Id*. at 456. Generally, a contempt proceeding for failure to comply with a parenting-time order is considered civil in nature. *Id*. at 458.

Our review of the available record convinces us that by invoking its contempt power, the trial court was attempting to coerce Amanda's future compliance with the parenting-time order. The imposition of sanctions was not intended to punish Amanda for past violations of the court's order. At the first hearing, the court found her in contempt, but then adjourned the hearing. At the continued hearing, the court heard testimony showing that, despite the court's finding that she

was in contempt for failing to enforce the parenting-time order, Amanda's failure to enforce the order continued. Her attempts continued to consist of conversations with her teenaged child and a suggestion that the parenting-time dispute be discussed among the teenaged child, John, and the parties' adult child. Amanda, at that point, had already declined online dispute resolution through the Friend of the Court. Given that the finding of contempt had no meaningful impact on Amanda's enforcement of the parenting-order, and given that she continued to remain in contempt, the court determined that it would impose a $100 fine and 20 days incarceration, with four days to be served immediately, and the remaining 16 days to be served only upon continued violation of the court order. Thus, although Amanda suggests that she had no opportunity to avoid the four days incarceration, the record reflects that she could have avoided it if she had enforced the parenting-time order between the first hearing (where she was found to be in contempt) and the second hearing (where the court found she continued to be in contempt and imposed sanctions). The overall aim of the court's contempt ruling was to compel future compliance. As a result, we conclude that Amanda was held in civil contempt. Because "an order finding a party in civil contempt of court is not a final order for purposes of appellate review," *In re Moroun*, 295 Mich App at 329, we dismiss this claim of appeal for lack of jurisdiction. See MCR 7.203(A)(1).

We dismiss for lack of jurisdiction.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron