*In re* WHITE.

*In re* JEANS.

CONTEMPT—FAILURE TO INDICATE FALSE TESTIMONY—EXONERATION.
The failure of the trial judge to indicate the particular false testimony of defendants in contempt proceeding was error even though transcript was short, since every opportunity for exoneration should be afforded (CL 1948, § 605.3).

Separate petitions by Ernest White and Naomi Jeans for writs of habeas corpus with accompanying certiorari to obtain their release from custody of Lapeer county sheriff. Submitted January 12, 1950. (Calendar Nos. 44,599, 44,600.) Discharge ordered April 3, 1950.

*Smith & Smith,* for petitioners.

*Glenn L. Hollenbeck, amicus curiae.*

BUSHNELL, J. Proceedings for discovery in the nature of a judgment creditor's bill (CL 1948, § 634.1 [Stat Ann § 27.2171]) were brought against Ernest White. He and Naomi Jeans were called as witnesses. They were recalled 3 months later for further

---

REFERENCES FOR POINTS IN HEADNOTES
12 Am Jur, Contempt, § 17. ·
Perjury or false swearing as contempt. 73 ALR 817.

examination regarding the same transactions. The testimony at the 2 hearings appeared to be contradictory. The trial judge directed the judgment creditor's counsel to ask for an order to show cause why White and Naomi Jeans should not be punished for contempt in wilfully giving false and evasive testimony. See CL 1948, § 605.3 (Stat Ann § 27.-513).

At the show cause hearing the defendants requested a specific notice of the claimed false statements. Opposing counsel referred them to the transcript of their testimony attached to the petition and asserted that all was false. The trial judge said that he would point out the specific statements and continued both contempt matters for a week. Defendants then answered by affidavits, in which they asserted the truthfulness of their testimony, and again requested specific charges. The trial judge then held that the brevity of the testimony taken obviated any more specific notice. Each defendant was found guilty of contempt, and sentences of 30 days' confinement in the county jail were imposed.

A stay of execution was granted and defendants were admitted to bail pending their applications for leave to appeal. This Court issued writs of habeas corpus and certiorari.

Defendants in contempt proceedings should be given every opportunity to exonerate themselves. Even a short record does not permit the trial judge to avoid indicating the particular false testimony after he stated that he would do so. Failure to do so is error.

The orders of commitment are vacated. Petitioners are discharged and their bonds cancelled. No costs are allowed.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.