RIVER INVESTMENT GROUP, LLC v CASAB

Docket No. 290645. Submitted July 14, 2010, at Detroit. Decided August 10, 2010, at 9:00 a.m.

River Investment Group, L.L.C., brought an action in the Wayne Circuit Court against Michigan Financial Investments, L.L.C.; the principal of Michigan Financial, Romel E. Casab; and the Wayne County Treasurer for unjust enrichment and conversion. Plaintiff alleged that it purchased the site of a former gas station in the city of Detroit and made significant investments in the property to improve it and reopen it as a branded gas station. At the time that plaintiff purchased the property, the Wayne County Treasurer had already begun foreclosure proceedings as a result of taxes that had not been paid by the previous owner. The treasurer held a foreclosure sale and sold the property to Michigan Financial. Plaintiff alleged that the treasurer failed to properly notify it of the foreclosure proceedings and that defendants were unjustly enriched as a result of the improvements it made to the property after the foreclosure. Michigan Financial and Casab filed a counterclaim for trespass and to quiet title. Plaintiff also brought related proceedings in the Court of Claims, which ordered that plaintiff's claim brought against the treasurer in that court be joined with plaintiff's circuit court action. The circuit court, Mary Beth Kelly, J., granted partial summary disposition in favor of Michigan Financial and Casab, concluding that under MCL 211.78l, the circuit court lacked jurisdiction over plaintiff's claims. Plaintiff sought interlocutory leave to appeal, which the Court of Appeals denied in an unpublished order, entered December 15, 2004 (Docket No. 258214). Plaintiff and the treasurer reached a settlement and the treasurer was subsequently dismissed from the case. Following a bench trial, the circuit court, William J. Giovan, J., entered judgment in favor of Michigan Financial on its counterclaim. Plaintiff appealed.

The Court of Appeals *held*:

1. Plaintiff's claim arose under MCL 211.78l because, as the owner of an extinguished recorded or unrecorded interest in property, plaintiff claimed injury resulting from a lack of notice of the foreclosure proceedings, and plaintiff sought monetary dam-

ages to compensate for that injury. MCL 211.78*l*(2) confers original and exclusive jurisdiction in the Court of Claims over actions arising under that section without regard to whether the defendant is a governmental entity.

2. Plaintiff was not prejudiced by the circuit court's alleged failure to provide notice of entry of the final judgment in this case until one day before the deadline for timely filing an appeal in light of the fact that the Court of Appeals granted plaintiff's application for delayed leave to appeal.

3. Plaintiff waived its argument that the circuit court erred by concluding that its motion for reconsideration was not timely filed when plaintiff failed to identify the issue in its statement of questions presented in its brief on appeal.

Affirmed.

COURTS — COURT OF CLAIMS — JURISDICTION — FORECLOSURES — ACTIONS FOR RECOVERY OF MONETARY DAMAGES AFTER JUDGMENT FOR FORECLOSURE.

The Court of Claims has original and exclusive jurisdiction over actions for the recovery of monetary damages brought by the owner of any extinguished recorded or unrecorded interest in a parcel of property who claims after a judgment of foreclosure that he or she did not receive any notice required under the General Property Tax Act regardless of whether the defendant is a governmental entity (MCL 211.78*l*).

*Roger S. Canzano* for River Investment Group, L.L.C.

*Thav, Gross, Steinway & Bennett, P.C.* (by *Barry A. Steinway*), for Romel E. Casab and Michigan Financial Investments, L.L.C.

Before: SAWYER, P.J., and BANDSTRA and WHITBECK, JJ.

PER CURIAM. Plaintiff appeals by delayed leave granted the trial court's judgment in favor of defendant/counterplaintiff, Michigan Financial Investments, L.L.C. (MFI). On appeal, plaintiff challenges the trial court's earlier order granting summary disposition in favor of defendants, Romel E. Casab and MFI (here-

inafter collectively referred to as "defendant"),[1] on plaintiff's unjust enrichment and conversion claims. We affirm.

Plaintiff first argues that the trial court erred when it concluded that the circuit court did not have jurisdiction over plaintiff's claims and, accordingly, granted summary disposition in favor of defendant on plaintiff's claims. We disagree.

On appeal, a decision to grant a motion for summary disposition is reviewed de novo. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 437; 695 NW2d 84 (2005). When reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court must consider the record in the same manner as the trial court. *Id.* Any court considering such a motion must consider all the pleadings and the evidence in the light most favorable to the nonmoving party. *Id.* The motion tests whether there exists a genuine issue of material fact. MCR 2.116(C)(10). "Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Brown v Brown*, 478 Mich 545, 552; 739 NW2d 313 (2007).

Issues of law are also reviewed de novo. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008). Whether a court has subject-matter jurisdiction is a question of law. *In re Petition by Wayne Co Treasurer for Foreclosure of Certain Lands for Unpaid Prop Taxes*, 265 Mich App 285, 290; 698 NW2d 879 (2005).

Plaintiff's property was foreclosed on by the Wayne County Treasurer and sold to defendant. Plaintiff sued

---

[1] Casab is the principal of MFI. Casab and MFI filed a joint brief on appeal. The Wayne County Treasurer was dismissed from the case by stipulation.

defendant for unjust enrichment and conversion arising from improvements plaintiff made to the property after the foreclosure, but without notice of the foreclosure. The trial court concluded that MCL 211.78*l* precludes circuit court jurisdiction over the case. MCL 211.78*l* provides, in relevant part:

(1) If a judgment for foreclosure is entered under [MCL 211.78k] and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in [MCL 211.78k], the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.

(2) The court of claims has original and exclusive jurisdiction in any action to recover monetary damages under this section.

Plaintiff first argues that MCL 600.6419 and MCL 600.6437 specify that the Court of Claims has jurisdiction *only* in actions against governmental entities. Therefore, MCL 211.78*l* cannot be read to require exclusive Court of Claims jurisdiction over plaintiff's action against defendant because defendant is not a governmental entity.

This Court's primary goal when considering statutory language is to give effect to the intent of the Legislature. *Alvan Motor Freight, Inc v Dep't of Treasury*, 281 Mich App 35, 39; 761 NW2d 269 (2008). If the statutory language is unambiguous, the plain meaning of the language must be applied. *Id.* A statutory provision is ambiguous if it irreconcilably conflicts with another provision or if it is equally susceptible to more than one meaning. *Id.* at 39-40. Every word or phrase should be ascribed its plain and ordinary meaning. MCL 8.3a; *Alvan Motor*, 281 Mich App at 40. Finally, "it is

important to ensure that words in a statute not be ignored, treated as surplusage, or rendered nugatory." *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002).

MCL 600.6419(1) provides:

> Except as provided in [MCL 600.6419a] and [MCL 600.6440], the jurisdiction of the court of claims, as conferred upon it by this chapter, shall be exclusive. The state administrative board is hereby vested with discretionary authority upon the advice of the attorney general, to hear, consider, determine, and allow any claim against the state in an amount less than $1,000.00. Any claim so allowed by the state administrative board shall be paid in the same manner as judgments are paid under [MCL 600.6458] upon certification of the allowed claim by the secretary of the state administrative board to the clerk of the court of claims. *The court has power and jurisdiction:*
>
> (a) To hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, *against the state* and any of its departments, commissions, boards, institutions, arms, or agencies.
>
> (b) To hear and determine any claims or demands, liquidated or unliquidated, ex contractu or ex delicto, which may be pleaded by way of counterclaim on the part of the state or any department, commission, board, institution, arm, or agency of the state against any claimant who may bring an action in the court of claims. Any claim of the state or of any department, commission, board, institution, arm, or agency of the state may be pleaded by way of counterclaim in any action brought against the state, or any other department, commission, board, institution, arm, or agency of the state. [Emphasis added.]

MCL 600.6437 provides:

> The court *may order entry of judgment against the state* or any of its departments, commissions, boards, institutions, arms or agencies based upon facts as stipulated by counsel after taking such proofs in support thereof as may

be necessary to satisfy the court as to the accuracy of such facts and upon being satisfied that such judgment is in accordance with applicable law. [Emphasis added.]

MCL 600.6419 confers jurisdiction over claims against the state and its subunits in the Court of Claims. *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth*, 468 Mich 763, 767-768; 664 NW2d 185 (2003). MCL 600.6437 authorizes the Court of Claims to "order entry of judgment against" the state and its subunits. However, nothing in either statute states that the Court of Claims *may not* exercise jurisdiction over any other case, if the Legislature were to grant it additional jurisdiction. See *Parkwood*, 468 Mich at 767 ("The jurisdiction of the Court of Claims is provided by statute."). MCL 211.78*l*(2) states that the Court of Claims has jurisdiction "in any action to recover monetary damages under this section." Nothing in the statutes cited by plaintiff precludes reading MCL 211.78*l*(2) as conferring jurisdiction in the Court of Claims over an action arising under MCL 211.78*l*, and plaintiff cites no authority for that proposition. Therefore, assuming that this action arises under MCL 211.78*l*, plaintiff's argument is unavailing.

Plaintiff relatedly argues that its action against defendant does not arise under MCL 211.78*l*. Plaintiff specifically asserts that this action is not an "action to recover monetary damages under this section" for two reasons. MCL 211.78*l*(2). First, plaintiff argues that MCL 211.78*l* contemplates actions for the failure to receive adequate notice of foreclosure, which plaintiff does not attribute to defendant. Expanding on that premise, plaintiff further argues that because MCL 211.78*l* only contemplates actions for failure of notice, it only contemplates actions against the entity charged with providing notice, not a private party such as

defendant. Thus, plaintiff's action is not an "action . . . under this section." MCL 211.78*l*(2).

MCL 211.78*l*(1) first contemplates an action by a party "who claims that he or she did not receive any notice required under" the General Property Tax Act (GPTA), MCL 211.1 *et seq*. Plaintiff *does* claim that it did not receive notice of the foreclosure proceedings. Plaintiff argues that it does not allege any wrongdoing on the part of defendant with respect to the lack of notice; it is only a fact to explain why plaintiff continued to make improvements to the property after it had been sold to defendant. Nevertheless, the language of MCL 211.78*l*(1) is unambiguous: plaintiff is an owner of an extinguished recorded or unrecorded interest in property and claims injury from the fact that it did not receive notice as required under the GPTA. See *Alvan Motor*, 281 Mich App at 39 (no judicial construction required where statutory language is unambiguous).

Next, MCL 211.78*l*(1) prohibits bringing "an action for possession of the property against any subsequent owner . . . ." Defendant is the subsequent owner, but plaintiff does not seek possession of the property from defendant. MCL 211.78*l*(1) specifies that rather than bring an action for possession, an aggrieved former interested party "may only bring an action to recover monetary damages . . . ." Finally, MCL 211.78*l*(2) provides that the Court of Claims has "original and exclusive jurisdiction" in such an action. Nothing in MCL 211.78*l* requires that an action under that section be against a governmental entity.[2]

---

[2] To the extent that the intent of the Legislature was to provide jurisdiction only over actions against governmental bodies, see the Court of Claims Act, MCL 600.6401 *et seq*. (creating the Court of Claims for the purpose of hearing actions against governmental bodies), the responsibility to alter the statute lies with that branch of government, not with this Court. *Hakari v Ski Brule, Inc*, 230 Mich App 352, 357-358; 584 NW2d 345 (1998).

Plaintiff next argues that because the Court of Claims ordered plaintiff's claim against the treasurer in the Court of Claims joined with its claim against defendant and the treasurer in the circuit court, this conferred jurisdiction in the circuit court over plaintiff's case. As noted earlier, MCL 211.78*l*(2) confers *exclusive* jurisdiction in the Court of Claims over cases arising under MCL 211.78*l*. Assuming, arguendo, that the Court of Claims mistakenly transferred a case to the circuit court, plaintiff has provided no authority for the proposition that the order of joinder would override a clear prescription of the Legislature. Further, the order of joinder was with respect to plaintiff's case against the treasurer and has no relation to plaintiff's claims against defendant. This argument is unavailing.

Plaintiff also argues that the trial court erred when it failed to provide notice of entry of the final judgment until one day before the deadline to file a timely appeal. However, plaintiff was not prejudiced by this alleged delay because this Court granted plaintiff's application for delayed leave to appeal. *River Investment Group LLC v Casab*, unpublished order of the Court of Appeals, entered June 17, 2009 (Docket No. 290645). Accordingly, this issue is moot.

Plaintiff next argues that the trial court erred when it concluded that plaintiff's motion for reconsideration was not timely filed. This issue is waived because plaintiff failed to state it in the statement of questions presented in its brief on appeal. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). Moreover, plaintiff's arguments in its motion to reconsider were identical to its other arguments on appeal, which we have concluded are unavailing.

Affirmed.