# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY STURGIS,

Plaintiff-Appellant,

v

URIAN STURGIS, SR.,

Defendant-Appellee.

UNPUBLISHED
October 25, 2016

No. 326163
Wayne Circuit Court
Family Division
LC No. 00-030453-DM

AFTER REMAND

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

This case returns to us following our prior opinion and remand order, in which we instructed the trial court to prepare a supplemental opinion further explaining its factual findings and reasoning for its ruling holding plaintiff in contempt of court.[1] The trial court has complied with our remand instructions. We now affirm the trial court's February 4, 2015 order holding plaintiff in contempt and sentencing her to two days in jail.

## I. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's order finding a party in contempt of court. *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 386; 853 NW2d 421 (2014). An abuse of discretion occurs when the trial court chooses an outcome outside "the range of reasonable and principled outcomes." *Id*. (citation omitted). However, we review the trial court's underlying factual findings for clear error. *Id*. The clear-error standard is deferential, as we only will conclude that a finding is clearly erroneous if we are left with a definite and firm conviction that the trial court made a mistake. *Id*. at 386-387.

---

[1] *Sturgis v Sturgis*, unpublished opinion per curiam of the Court of Appeals, issued August 9, 2016 (Docket No. 326163).

Questions of law, such as the constitutional issue of whether a party was denied due process, are reviewed *de novo*. *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009); *In re Contempt of Dudzinski*, 257 Mich App 96, 99; 667 NW2d 68 (2003). However, plaintiff failed to preserve her due process claim by arguing in the trial court that her due process rights were violated. See *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Unpreserved errors are reviewed for plain error. *In re Henry*, 282 Mich App at 666. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citation omitted).

## II. ANALYSIS

## A. DUE PROCESS

Plaintiff contends that her due process rights were violated when the trial court held her in contempt. She specifically argues that the trial court violated her right to counsel and right to sufficient notice in order to prepare a defense. We reject plaintiff's claims.

Trial courts have both "inherent independent authority" and statutory authority to hold a person in contempt. *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995); see also MCL 600.1701 *et seq*. MCL 600.1701 provides circuit courts with the authority to hold a party to an action in contempt. It provides, in relevant part:

> The supreme court, circuit court, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in all of the following cases:
>
> * * *
>
> (g) Parties to actions, attorneys, counselors, and all other persons for disobeying any lawful order, decree, or process of the court. [MCL 600.1701(g).]

We have defined contempt of court as a "wilful act, omission or statement that tends to impair the functioning of a court." *Arbor Farms*, 305 Mich App at 387 (quotation marks and citation omitted). The purpose of a trial court's contempt "power is to preserve the effectiveness and sustain the power of the courts." *Id*. (citation omitted). "[A] party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." *Id*. (quotation marks and citation omitted). The trial court's "contempt power is awesome and must be used with the utmost restraint," meaning that the sanction imposed must be the least that is necessary to achieve its purpose. *In re Dudzinski*, 257 Mich App at 109 (quotation marks and citations omitted). "The courts have the responsibility to apply the contempt power judiciously and only when the contempt is clearly and unequivocally shown." *Id*.

In addition, "[n]o person may be deprived of life, liberty, or property without due process of law." *In re Henry*, 282 Mich App at 669, citing US Const Am XIV, § 1; Const 1963, art 1, § 17; *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 605-606;

683 NW2d 759 (2004). In order to determine whether plaintiff was afforded due process in this case, we first needed to determine whether the contempt proceedings were criminal or civil in nature, as the due process safeguards vary between criminal and civil proceedings. *Porter v Porter*, 285 Mich App 450, 456; 776 NW2d 377 (2009). It is often difficult to distinguish between the two types of contempt "because both forms of contempt might result in the contemnor's being imprisoned for willfully failing to comply with an order of the court." *Id.* Specifically, criminal contempt proceedings require many of the due process protections required in a criminal trial. See *id.* at 456-457.

Here, it was not immediately apparent whether the contempt proceedings were intended to be criminal or civil in nature. Accordingly, we asked the trial court to issue a supplemental order on remand that "(1) indicate[d] the intended purpose of the contempt proceedings (2) clarif[ied] the factual findings and conclusions of law that supported its finding of contempt, and (3) state[d] whether plaintiff did, in fact, serve two days in jail after the order was entered." *Sturgis*, unpub op at 3. In its supplemental order, the court explained:

> At the continuation of [the show cause] proceedings, which were completed on February 4, 2015, this Court found, by a preponderance of the evidence presented and testimony taken during the January 28, 2015 and February 4, 2015 proceedings (as well as throughout the extensive history of this case), that Plaintiff had continuously exhibited her non-compliance with all four (4) of this Court's previous orders with respect to enrolling the minor children in mental health therapy sessions and securing a psychological evaluation for [her son]. As such, this Court found Plaintiff in *civil contempt of court*, sentencing her to a sanction of two (2) days in jail, *in an effort to finally coerce her compliance with this Court's voluminous record of Orders regarding the children's mental health care that had gone substantially ignored by Plaintiff for nearly one and a half (1.5) years by the time these contempt proceedings were held.*
>
> Plaintiff did serve her two (2) day jail sentence commencing at the conclusion of the proceedings held on February 4, 2015 until her release on February 6, 2015. [Emphasis added.]

Likewise, our review of the record, in light of the trial court's supplemental findings and reasoning, confirms that the contempt proceedings at issue were, in fact, civil, as they sought to *coerce plaintiff into complying* with the court's multiple orders concerning the children's mental health treatment. See *Porter*, 285 Mich App at 455-456; *DeGeorge*, 276 Mich App at 591-592; *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 711-714; 624 NW2d 443 (2000). Although the record clearly reflects the trial court's justified frustration with plaintiff's noncompliance, it is now apparent, both from the lower court record and the trial court's

supplemental order, that the present case is not one in which the trial court was seeking to *punish* plaintiff for her misconduct of disobeying the trial court's orders. *Porter*, 285 Mich App at 455.[2]

Next, given the fact that the contempt proceedings were civil in nature, we must determine whether plaintiff's due process rights were violated. To properly protect a party's due process rights during a civil contempt hearing, the trial court acts as the factfinder and determines, by a preponderance of the evidence, whether contempt occurred. *In re Auto Club Ass'n*, 243 Mich App at 712. This Court has also recognized, however, that proof of contempt must be "clearly and unequivocally shown." See, e.g., *In re Dudzinski*, 257 Mich App at 109; *In re Robertson*, 209 Mich App at 439. In situations where "the contemptuous conduct occurs outside the court's direct view," the trial court is required to hold a hearing to ascertain whether the alleged conduct actually took place. *In re Auto Club Ass'n*, 243 Mich App 697 at 712-713. The trial court is required to follow the procedures delineated in the applicable court rule, MCR 3.606, and it must ensure that "some measure of due process" is provided before it sanctions the party who allegedly engaged in contempt. *In re Auto Club*, 243 Mich App at 713.

Due process is fairly flexible, and the question of what process is due depends on the nature of the specific proceedings, the risks at issue, and the private and governmental interests at stake. *In re Henry*, 282 Mich App at 669. However, the touchstone of due process is "fundamental fairness." *Id*. This Court has held that civil contempt proceedings fulfill a party's due process rights as long as the party is "accorded rudimentary due process, i.e., notice and an opportunity to present a defense." *Porter*, 285 Mich App at 456-457.

---

[2] We note that plaintiff does not contest the trial court's imposition of a definite sentence in this case, even though usually "civil contempt proceedings seek compliance through the imposition of sanctions of indefinite duration, terminable upon the contemnor's compliance or inability to comply." *DeGeorge*, 276 Mich App at 592. Compare *In re Moroun*, 295 Mich App 312, 335; 814 NW2d 319 (2012) (opinion by K.F. KELLY, J.); *id*. at 343 (WILDER, J., concurring in part and dissenting in part). If plaintiff intended to raise such a claim, we deem it abandoned. See *River Investment Group, LLC v Casab*, 289 Mich App 353, 360; 797 NW2d 1 (2010); *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003).

Nevertheless, we find it important to note that plaintiff's two-day sentence in this case ended on Friday, February 6, 2015, the date on which a mental health appointment was scheduled for the children, which both parents were supposed to attend. Consistent with the trial court's clarifications in its supplemental order, it appears that the definite term of incarceration in this case was consistent with the scheduled appointment and, therefore, implicitly encompassed the condition that would trigger plaintiff's release from contempt. Accordingly, although the trial court generally must ensure that confinement on the basis of civil contempt is conditional, see *In re Moroun*, 295 Mich App at 336 (opinion by K.F. KELLY, J.), citing MCL 600.1715; *id*. at 342-343 (WILDER, J., concurring in part and dissenting in part), we conclude that reversal is not required on that basis in this case given the timing of plaintiff's next opportunity to comply with the court's orders and ensure that her children received mental health treatment.

Plaintiff's due process rights were not violated in this case. During the January 28, 2015 show cause hearing, the trial court notified plaintiff that it was inclined to hold her in contempt based on her repeated noncompliance with its orders, explained that the matter was very serious, and delineated each of the prior orders with which plaintiff had failed to comply. The trial court also made sure to provide plaintiff with personal service of defendant's motion to show cause, which had initiated the contempt proceedings, and it went to great lengths to secure counsel for plaintiff at the January 28, 2015 hearing as well as the following hearing on February 4, 2015. Accordingly, even if we assume, without deciding, that plaintiff was entitled to counsel during these proceedings, her claim that she was not provided with counsel is not supported by the record.[3] Likewise, her claim that she did not receive proper notice pursuant to MCL 600.1968(4) and MCR 2.107(B)(1)(b) is unavailing.

Further, at both show cause hearings, plaintiff was sworn under oath and provided an opportunity to present her defense to the trial court and explain why she repeatedly failed to comply with the trial court's multiple orders concerning her children's mental health treatment. While plaintiff asserts that she was not given sufficient time to prepare for the show cause hearings, the record reflects that she was served by mail with notice of defendant's motion to show cause on December 3, 2014, and that the trial court gave plaintiff from January 28, 2105—the time at which she was personally served—to February 4, 2015, to prepare a response to the allegations of contempt.[4] Moreover, given the fact that the trial court took ample time during both show cause hearings to hear plaintiff's reasoning regarding why she failed to comply with its orders for nearly a year and a half, the record belies plaintiff's claim that she was not given a sufficient opportunity to exonerate herself. See *In re White*, 327 Mich 316, 317; 41 NW2d 882 (1950).

Thus, the record shows that plaintiff was afforded "fundamental fairness," and that her due process rights were protected under the circumstances of this case. See *In re Henry*, 282 Mich App at 669. Plaintiff has failed to establish a plain error affecting her substantial rights.

## B.  FINDING OF WILLFUL DISOBEDIENCE

---

[3] Plaintiff's reliance on *Mead v Batchlor*, 435 Mich 480, 483; 460 NW2d 493 (1990), abrogated by *Turner v Rogers*, 564 US 431, 449; 131 S Ct 2507; 180 L Ed 2d 452 (2011), is misplaced. *Mead*, 435 Mich at 483, 488-506, addressed the right of an indigent person to be assisted by counsel in contempt proceedings arising from the failure to pay child support, which is a situation distinct from the instant case. Further, *Mead* was later abrogated by *Turner*, 564 US at 441-449. Most importantly, however, the record confirms that the trial court went to great lengths in this case to ensure that plaintiff was assisted by appointed counsel throughout the civil contempt proceedings. There is no indication that plaintiff's due process rights were violated.

[4] Notably, the statute and the court rule cited by plaintiff do not discuss the length of time before a show cause hearing that a party must be provided notice.

Plaintiff also argues that the trial court clearly erred in finding that she willfully disobeyed the orders that required her to secure mental health treatment for her children. We disagree.

As an initial matter, the record does not support plaintiff's claim that the trial court held her in contempt specifically based on a finding that she willfully disobeyed its orders. The court's February 4, 2015 order finding plaintiff in contempt of court only states that she was found in contempt for violating the court's orders; there is no mention that the violations were willful or deliberate. The trial court similarly stated on the record at the February 4, 2015 hearing that plaintiff was being held in contempt of court "based on the history[] of [her] non-compliance with this [c]ourt's orders[.]" Likewise, the trial court's supplemental order explaining its factual findings and reasoning does not include an express finding of willfulness.

Moreover, "a finding of willful disobedience of a court order is not necessary for a finding of civil contempt." *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 625; 821 NW2d 896 (2012). See also *In re Contempt of United Stationers Supply Co*, 239 Mich App 496, 499-501; 608 NW2d 105 (2000). Accordingly, the trial court had the authority to hold plaintiff in civil contempt solely based on the fact that she failed to comply with the court's orders, see *Arbor Farms*, 305 Mich App at 386, which appears to be what actually occurred in this case.

Nevertheless, to the extent that the trial court's apparent frustration with plaintiff's excuses, "disingenuous explanations," and "feigned reasons" for failing to comply with its orders and its stated belief that "there's some reason that [she] [does not] want these children to be evaluated[] and have mental help" are equivalent to a finding that plaintiff willfully disobeyed its orders, the trial court did not clearly err in so concluding.

As the court emphasized in its supplemental order, it entered numerous orders requiring plaintiff to take action with regard to her children's mental health care. These orders required plaintiff to ensure that the children were enrolled in therapy, to ensure that the children attended therapy sessions, and to schedule a psychological evaluation for her son. Consistent with its statements at the February 4, 2015 hearing, the court explained in its supplemental order that "[a]t every single one of these proceedings, [p]laintiff consistently presented this Court with disingenuous explanations as to why she had not yet complied with this Court's numerous orders concerning the mental health care of the parties' children. This Court simply did not believe Plaintiff mother's testimony or her numerous excuses for not complying with this Court's orders." A review of the show cause hearing transcripts, as well as the prior review hearing transcripts, reveals that plaintiff presented numerous excuses and explanations for why she was not able to comply with the trial court's orders. She repeats these explanations and excuses on appeal, specifically asserting that she did not have the financial means to comply because of defendant's failure to pay child support and because of the lack of medical insurance for her son. The trial court, which was very familiar with the parties and their circumstances, duly heard and considered plaintiff's assertions, ultimately concluding that plaintiff's excuses were disingenuous and that she had a reason for disobeying the court's orders. The record also confirms that between November 2012 and February 2015, the trial court had repeatedly insisted, both from the bench and in written orders, that plaintiff's children receive mental health treatment, and plaintiff consistently failed to comply.

In reviewing a trial court's factual findings for clear error, we must defer "to the trial court's superior ability to judge the credibility of the witnesses who appeared before it." *Ambs v Kalamazoo Co Rd Comm'r*, 255 Mich App 637, 652; 662 NW2d 424 (2003); see also MCR 2.613(C). Thus, on this record, to the extent that the trial court concluded that plaintiff had willfully violated its orders, such a finding was not clearly erroneous. See *Arbor Farms*, 305 Mich App at 386-387.

### III. CONCLUSION

Plaintiff has failed to demonstrate a plain error affecting her due process rights. Likewise, she has failed to establish that the trial court's factual findings were clearly erroneous.

Affirmed.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan