# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CONSERVATORSHIP OF PHILLIP FOTINEAS.

CHRISTINA FOTINEAS, Guardian and
Conservator for PHILLIP FOTINEAS,

   Appellee,

v

GEORGE C. FOTINEAS,

   Appellant,

and

BESSIE FOTINEAS,

   Other Party.

UNPUBLISHED
November 9, 2017

Nos. 331380; 336832
Oakland Probate Court
LC Nos. 1984-161334-CA
     1984-161383-GA

Before: BECKERING, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

  Appellant, proceeding *in propria persona*, appeals as of right two orders entered by the probate court. In Docket No. 331380, appellant appeals the probate court's order authorizing appellee, the legally appointed guardian and conservator of the disabled ward, to use $245,000 of the ward's estate to build a handicap accessible home for the ward's benefit.[1] In Docket No. 336832, appellant appeals the probate court's order granting appellee permission to change the

---

[1] In the 1980s, the ward was involved in a car accident that left him disabled and wheelchair-bound. Appellee is the ward's sister, and appellant is the ward's brother.

-1-

ward's residence without appellant's interference, and denying appellant's petition to be appointed as the ward's co-guardian. We affirm in both appeals.[2]

There are several reasons appellant's pro se briefs are fatally deficient. Although his statements of questions presented recite a combined total of 124 questions, they do not present any cognizable *legal* questions. Rather, the questions are structured like interrogatories, posing factual questions to various attorneys who appeared below. Moreover, aside from citing MCR 7.203 in his statement of appellate jurisdiction, appellant has failed to provide any meaningful argument or cite *any* legal authority in either of his briefs on appeal.

These facial briefing deficiencies are, standing alone, legally dispositive of the instant appeals. "[A] person acting *in propria persona* should be held to the same standards as members of the bar." *Totman v Sch Dist of Royal Oak*, 135 Mich App 121, 126; 352 NW2d 364 (1984). By failing to duly state any legal questions for our review, appellant has waived any discernible claims of error that may appear in the argument sections of his briefs. See *River Investment Group, LLC v Casab*, 289 Mich App 353, 360; 797 NW2d 1 (2010) ("This issue is waived because plaintiff failed to state it in the statement of questions presented in its brief on appeal."). Waiver extinguishes any error and precludes appellate review. *The Cadle Co v City of Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009). Moreover, because appellant fails to present any meaningful argument or cite any legal authority in support of his position, he has abandoned the issues on appeal. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999); see also *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (concluding that "[a]n appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority. Further, this Court will not search for authority to sustain or reject a party's position") (quotation marks, citations, and brackets omitted). As a consequence, there are no claims of error to review.

Affirmed. As the prevailing party, appellee may tax costs pursuant to MCR 7.219.


/s/ Jane M. Beckering
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[2] Appellee argues that this Court lacks jurisdiction over appellant's claim of appeal in Docket No. 331380. We disagree. The probate court's order granting leave to use funds from the ward's estate to construct a handicap-accessible home is appealable as of right pursuant to both MCR 5.801(A)(2)(o) and (A)(5). We agree, however, that appellant's claim of appeal in Docket No. 331380 is ineffective to secure an appeal on behalf of appellant's mother, as appellant tacitly suggests. The claim of appeal in Docket No. 331380 lists appellant as the sole party appealing, and appellant is the only person who signed that claim of appeal. Because appellant's mother has not filed her own claim of appeal, she is not an appellant and this Court lacks jurisdiction over her as an appellant. See MCR 7.204(B).