*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID SWANSON,

Plaintiff-Appellee,

v

BRENDA BRADLEY,

Defendant-Appellant.

UNPUBLISHED
November 12, 2020

No. 350004
Kent Circuit Court
LC No. 17-008674-CH

Before: SAWYER, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

In this dispute regarding a land contract, defendant appeals as of right the trial court's order granting judgment in favor of plaintiff. We affirm.

## I. BACKGROUND

On May 5, 2014, the parties entered into a land contract for the sale of real property from defendant to plaintiff. In the land contract, plaintiff agreed to pay defendant a purchase price of $90,000. Plaintiff agreed to make a down payment of $5,000 on the day the parties executed the land contract, leaving a balance of $85,000 to be paid through monthly installments. In turn, defendant agreed to provide plaintiff with a quitclaim deed to the property "[u]pon total payment of the purchase price and any and all late charges, and other amounts due" to defendant. The land contract granted plaintiff the right to prepay the unpaid balance, either in whole or in part, and without penalty, at any time before it became due.

After successfully making monthly payments to defendant for almost three years, plaintiff filed a complaint against defendant alleging claims for breach of contract, nuisance, trespass, and quiet title. The complaint alleged that, when plaintiff announced his intention to pay the remaining balance owed on the land contract, defendant provided him with a notice of default and announced her decision to refuse prepayment of the remaining balance. Plaintiff alleged that defendant committed a breach of contract by refusing to accept prepayment of the balance. In his complaint, plaintiff requested the remedy of specific performance.

-1-

On February 6, 2018, plaintiff tendered a check to defendant in the amount of $76,842.26 in an attempt to pay the remaining balance owed under the land contract. Defendant refused the check, claiming that it was $8.31 short of the balance due. After refusing to accept defendant's payment, on February 15, 2018, defendant filed a forfeiture action against plaintiff in district court, alleging that plaintiff had failed to make payments as required under the land contract. The district court ultimately entered a judgment against plaintiff in the amount of $5,183.29, which plaintiff paid to defendant. In her district-court pleadings, defendant alleged that the balance then owed on the land contract was $76,143.61.

In March 2018, the parties filed cross-motions for summary disposition in this case. The trial court denied plaintiff's motion, and then granted defendant's motion in part, dismissing without prejudice plaintiff's claim for quiet title. After the trial court ordered the parties to complete mediation, plaintiff made an offer to stipulate to a judgment, under which plaintiff would pay defendant $75,000 as a full payment of the land contract, and defendant would execute a quitclaim deed to the property.

On June 25, 2018, plaintiff tendered a check to defendant in the amount of $75,000 in an attempt to pay the remaining balance owed under the land contract. In September 2018, defendant cashed the $75,000 check, without informing plaintiff that she had done so. On January 28 and 29, 2019, the trial court conducted a bench trial on plaintiff's remaining claims for trespass, nuisance, and breach of contract. At the bench trial, defendant argued that there was still a balance owed on the land contract, despite the $5,000 down payment, three years of monthly payments, the $5,183.29 payment from the district-court case, and the $75,000 payment from this case. In contrast, plaintiff argued that he had paid more than the total amount due under the land contract.

During opening statements at the bench trial, plaintiff's attorney explained that plaintiff was only seeking a quitclaim deed to the property and repayment of the additional funds paid in excess of the balance owed on the land contract. The trial court determined that its role at the bench trial was "to establish who paid what when and how much was owed and whose calculation of what was owed is the correct one." Throughout the bench trial, both parties submitted their own numbers and calculations regarding the outstanding balance on the land contract, and explained their accountings. After listening to the testimony and reviewing the evidence, the trial court dismissed plaintiff's claims for trespass and nuisance, and held as follows regarding plaintiff's claim for breach of contract:

> This Court will find that a breach of contract occurred. The date of the breach of the contract was September 5, 2018 when [defendant] deposited the $75,000.00 prepayment, made by [plaintiff], and pailled—failed to provide the plaintiff any accounting regarding the balance remaining to be paid or the payoff status, of the account at that time. Certainly, before that, this matter was in negotiation and there had been set—some amounts tendered and not accepted. Clearly when the $75,000.00 check was accepted, that then generates a corresponding duty on the part of the defendant to say what the status of the account is, and if there are any amounts due and owing as of that point.

The trial court therefore granted plaintiff's request for specific performance and ordered defendant to provide a quitclaim deed to the property within 30 days.

On July 10, 2019, the trial court entered a final judgment and order in favor of plaintiff, finding that plaintiff overpaid defendant and that plaintiff was the rightful owner of the real property. The trial court ordered defendant to refund plaintiff the sum of $5,409.44 and to provide plaintiff a quitclaim deed to the property. Defendant now appeals the trial court's final order.

## II. ANALYSIS

On appeal, defendant raises four issues in her statement of questions presented: (1) the trial court misapplied the rules of evidence and erred in its factual findings; (2) plaintiff failed to provide the evidence required to support his complaint; (3) the trial court failed to understand the defendant's payments under the land contract; and (4) the trial court improperly accepted defendant's Exhibit H during the bench trial.

This Court reviews a trial court's factual findings in a bench trial for clear error. *Chelsea Investment Group LLC v Chelsea*, 288 Mich App 239, 250; 792 NW2d 781 (2010). "A finding is clearly erroneous if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made. The trial court's findings are given great deference because it is in a better position to examine the facts." *Id*. (citations omitted).

First, defendant argues that the trial court misapplied the rules of evidence and erred in its factual findings. Defendant contends that the trial court erroneously relied on plaintiff's Exhibit H, which defendant refers to as "an 11[th] hour payment schedule." Defendant further argues that the trial court erred in accepting defendant's trial exhibit because it contained serious errors that constituted an "apparent or fatal defect." When plaintiff offered this exhibit into evidence, the trial court expressly asked whether defendant objected to its admission, and defendant's counsel answered, "No." By expressly disclaiming any objection to the admission of this exhibit at trial, defendant has waived any appellate argument regarding its admissibility. "Waiver is the voluntary and intentional relinquishment of a known right." *Varran v Granneman (On Remand)*, 312 Mich App 591, 623; 880 NW2d 242 (2015) (citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Id*. (cleaned up). Because defendant waived review of this issue, we decline to consider it.

All of defendant's arguments on appeal boil down to arguments that the trial court's factual findings made during the bench trial were in error. Defendant's arguments are unpersuasive. The trial court was permitted to consider the pleadings that defendant filed in the district-court forfeiture action and the assertions that defendant made in those pleadings regarding the amount due from plaintiff under the land contract. Furthermore, the trial court was permitted to find that defendant's calculations of the amount due under the land contract were inconsistent and replete with errors. Giving the trial court's factual findings the "great deference" they are due, and acknowledging that the trial court was "in a better position to examine the facts" than this Court, we cannot say that the trial court's rulings were clearly erroneous. *Chelsea*, 288 Mich App at 250.

To the extent that defendant's brief on appeal can be construed as raising an argument that the trial court erred by considering at the bench trial claims not raised in plaintiff's complaint, we note that defendant did not raise this issue in the statement of questions presented. Accordingly, we deem this issue waived. See *River Investment Group, LLC v Casab*, 289 Mich App 353, 360; 797 NW2d 1 (2010). Furthermore, because defendant fails to brief the issue adequately, she has abandoned the issue on appeal. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006) (cleaned up).

Affirmed. Plaintiff, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Brock A. Swartzle