# Court of Appeals, State of Michigan

## ORDER

Mettler Walloon LLC v Charlevoix County Treasurer

Docket No.    362484

LC No.         21-039727-CH

Brock A. Swartzle
Presiding Judge

Colleen A. O'Brien

Kathleen A. Feeney
Judges

The motion for reconsideration is GRANTED, and this Court's opinion issued September 21, 2023, is hereby VACATED.  A new opinion is attached to this order.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 4, 2024
Date

_____
Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

METTLER WALLOON LLC,

        Plaintiff-Appellant,

v

CHARLEVOIX COUNTY TREASURER and
MELROSE TOWNSHIP,

        Defendants-Appellees.

UNPUBLISHED
January 4, 2024

No. 362484
Charlevoix Circuit Court
LC No. 21-039727-CH

ON RECONSIDERATION

Before: SWARTZLE, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

Plaintiff's property was foreclosed because of delinquent property taxes, and defendants entered into a sale of plaintiff's property for the property's minimum bid. Plaintiff appealed the trial court's order that granted defendants summary disposition on plaintiff's claim that its property was unconstitutionally taken without just compensation. In our opinion issued September 21, 2023, we affirmed the trial court on the grounds that plaintiff's claims were barred by a statutory period of limitations. On reconsideration, we vacate our prior opinion and now reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

As this Court previously explained:

This case arises out of defendants' actions under the General Property Tax Act (GPTA), MCL 211.1 *et seq*, which was amended by 2020 PA 256. The amendment had not yet been enacted when the property was foreclosed, and, under the then-existing version of MCL 211.78m, the township in which the property was located could purchase the property from the foreclosing governmental unit for the "minimum bid" after the state declined to purchase the property. The "minimum bid" was defined as the amount of tax delinquency, including interest, penalties, and fees due on the property. MCL 211.78m(11). [*Mettler Walloon LLC v*

-1-

*Charlevoix Co Treasurer*, unpublished per curiam opinion of the Court of Appeals, issued September 21, 2023 (Docket No. 362484), p 2.]

The relevant facts remain unchanged from this Court's prior opinion:

> Plaintiff owed $9,835.80 in delinquent property taxes, fees, penalties, and/or interest on the property it owned in Melrose Township. The Charlevoix County Treasurer filed a judgment of foreclosure that was granted on February 16, 2018, under MCL 211.78k. Plaintiff failed to timely redeem the property, the judgment of foreclosure became effective on April 2, 2018, and the Charlevoix County Treasurer took absolute title to the property. Melrose Township purchased the property from the Charlevoix County Treasurer for a "minimum bid" of $9,766.99 under the then-existing MCL 211.78m(1). It was alleged that at the time of the foreclosure the property had an assessed value of $95,100 under MCL 211.27a(1).
>
> Plaintiff sued defendants on April 1, 2021, alleging, among other claims, that defendants had taken plaintiff's private property for public use without just compensation under the Takings Clause of the Michigan and United States Constitutions, Const 1963, art 10, § 2; US Const, Am V. Plaintiff and the Charlevoix County Treasurer moved for summary disposition under MCR 2.116(C)(10), and Melrose Township moved for summary disposition under MCR 2.116(C)(7) and (C)(8). During the hearing regarding summary disposition, the Charlevoix County Treasurer argued for the first time that plaintiff's claim was untimely under MCL 211.78*l* because it was brought more than two-years after the foreclosure. The trial court ordered supplemental briefing on the statutory period of limitations, which the parties submitted.
>
> The trial court, subsequently, held that the statutory period of limitations argument was moot because, even if plaintiff's claim was timely, plaintiff's claim was foreclosed by our Supreme Court's holding in *Rafaeli, LLC v Oakland County*, 505 Mich 429; 952 NW2d 434 (2020), and the trial court granted defendants summary disposition under MCR 2.116(C)(10). [*Id*. at 1]

This Court heard oral argument from the parties and issued its opinion holding that plaintiff's claims were barred by the statutory period of limitations under MCL 211.78*l*(3), before it was amended by 2020 PA 256. *Id*. at 2. Plaintiff has now moved for reconsideration.

## II. ANALYSIS

### A. RECONSIDERATION

MCR 7.114(D) explains that motions for reconsideration in this Court are governed by MCR 2.119(F), which states in relevant part:

> (3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The

moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Plaintiff argues that MCL 211.78*l*(3), before 2020 PA 256, did not apply to its claims because that statutory period of limitation only applied to actions for monetary damages that were brought under that section. Before 2020 PA 256, MCL 211.78*l*(3) stated that "an action to recover monetary damages *under this section* shall not be brought more than 2 years after a judgment for foreclosure is entered under section 78k." (Emphasis added).

This Court has held that the phrase, "under this section," for the purposes of MCL 211.78*l*, before the amendment, referred to claims involving whether the property owner was given proper notice because that earlier version of MCL 211.78*l*(1) only governed claims regarding notice.[1] See *River Investment Group, LLC v CASAB*, 289 Mich App 353, 354; 797 NW2d 1 (2010); *Andrews v Co of Wayne*, unpublished per curiam opinion of the Court of Appeals, issued March 6, 2018 (Case No. 335857), p 3. Further, this Court held in *Andrews* that claims "for just compensation under the Takings Clause [do] not fall under [MCL 211.78*l*] because a takings claim is unrelated to the provision of notice under the GPTA." Although this is not binding precedent, *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010), this Court finds *Andrews* persuasive because that earlier version of MCL 211.78*l* consistently referred to claims under that section for the purposes of notice.

With that said, though MCL 211.78*l*, before 2020 PA 256, does not apply to plaintiff's claims, some statutory period of limitations must apply. See *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 649; 692 NW2d 398 (2004). Defendants argue that if MCL 211.78*l*(3), before 2020 PA 256, does not apply, then MCL 211.78*l*(1), after 2020 PA 256, should apply. After the 2020 amendment, MCL 211.78*l*(1) now states:

> If a judgment for foreclosure is entered under section 78k and all existing recorded and unrecorded interests in a property are extinguished as provided in section 78k, the owner of any extinguished recorded or unrecorded interest in that property shall not bring an action, including an action for possession or recovery of the property or any interests in the property or of any proceeds from the sale or transfer of the property under this act, or other violation of this act or other law of

---

[1] Before 2020 PA 256, MCL 211.78*l*(1) stated:

> *If a judgment for foreclosure is entered under section 78k and all existing recorded and unrecorded interests in a parcel of property are extinguished as provided in section 78k, the owner of any extinguished recorded or unrecorded interest in that property who claims that he or she did not receive any notice required under this act shall not bring an action for possession of the property against any subsequent owner, but may only bring an action to recover monetary damages as provided in this section.*

-3-

this state, the state constitution of 1963, or the Constitution of the United States more than 2 years after the judgment of foreclosure of the property is effective under section 78k. Nothing in this section authorizes an action not otherwise authorized under the laws of this state. An action to recover any proceeds from the sale or transfer of property foreclosed for nonpayment of real property taxes under this act must be brought as provided under section 78t.

This section imposes a two-year statutory period of limitation on claims for the proceeds from the transfer of property under the GPTA or claims arising under the Constitution (i.e., takings claims). Plaintiff's claims would seemingly be limited by this period of limitation if this statute were applied retroactively, because plaintiff is claiming that defendants violated its constitutional right for just compensation when a taking occurred.

"Statutes and amended statutes are to be applied prospectively unless the Legislature manifests an intent to the contrary." *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155; 725 NW2d 56 (2002). "In determining whether a statute should be applied retroactively or prospectively only, the primary and overriding rule is that legislative intent governs." *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583, 624 NW2d 180 (2001) (cleaned up).

Retroactive application of legislation " 'presents problems of unfairness ... because it can deprive citizens of legitimate expectations and upset settled transactions.' " We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect. In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 38-39, 852 NW2d 78 (2014) (citations omitted).]

Our Legislature did not provide a clear indication that its intention was to give the amendment of MCL 211.78*l*(1) retroactive effect. See *Proctor v Saginaw Co Bd of Comm'rs*, 340 Mich App 1, 25; 985 NW2d 193 (2022). In fact, our Legislature made clear that the revised statutory provisions applied to foreclosed properties sold *after* July 17, 2020, the day our Supreme Court issued its opinion in *Rafaeli*. See *In re Muskegon County Treasurer for Foreclosure*, __ Mich App __, __; __ NW2d __ (2023) (Docket No. 363764). This makes sense, as the vested rights of interested property owners would be impaired by an obligation to follow an unforeseen statutory period of limitation that was retroactively imposed. Plaintiff's injury was antecedent to the enactment of the statute, and, thus, in this context, 2020 PA 256 did not retroactively apply a statutory period of limitations on plaintiff's claims under MCL 211.78*l*(1).

Thus, after further clarification on plaintiff's motion for reconsideration, it is now clear which periods of limitation *do not* apply. It remains unclear, however, what period of limitation

*does* apply. Plaintiff's briefing and oral argument on this point have not been particularly helpful. Courts do not sit as research attorneys for the parties, and this Court will not do plaintiff's work for it. Although it is possible that the general six-year period of limitations under MCL 600.5813 applies to plaintiff's claim, *Hart v Detroit*, 416 Mich 488, 499, 503; 331 NW2d 438 (1982), this Court will leave the matter for the parties and the trial court to answer in the first instance.

Accordingly, this panel's earlier opinion in this case, affirming the trial court's grant of summary disposition to defendants because plaintiff's claims were untimely, is vacated.

## B. SUMMARY DISPOSITION

Because the limitations period remains an open question for the parties and trial court to address on remand, we turn next to the ground on which the trial court granted summary disposition. The trial court granted summary disposition to defendants because there was no "surplus" generated at auction, and thereby improperly retained by defendants, as the sale price was slightly less than the taxes and related costs owed by plaintiff. This was the case even though it is alleged that the actual, fair market value of the property was far in excess of the sale price.

On the same day that this panel issued its earlier opinion, a different panel of this Court published *Jackson v Southfield Neighborhood Revitalization Initiative*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 361397). The relevant facts in *Jackson* are similar to those here. The plaintiffs in *Jackson* had their properties foreclosed because of delinquent taxes, and the foreclosing governmental unit sold the properties for the minimum bid under the then-MCL 211.78m. *Id*. at ___, slip op at 1. The plaintiffs alleged violations of due process, equal protection, and the Takings Clause among other claims. *Id*. at ___, slip op at 5. After our Supreme Court remanded the case to the trial court for proceedings consistent with *Rafaeli*, the trial court granted defendants summary disposition. *Id*. at ___, slip op at 6.

On appeal, the *Jackson* Court reversed in relevant part. Consistent with *Proctor*, 340 Mich App 1, the Court held that *Rafaeli* applied retroactively, slip op at 6-7. Further, after analyzing *Hall v Meisner*, 51 F4th 185 (CA 6, 2022), the Court held that the minimum-bid process resulted in the defendants taking the plaintiffs' properties without just compensation, even though there was no auction and no monetary "surplus" generated in excess of the unpaid taxes and related costs. *Id*. at ___, slip op at 14.

Although *Jackson* was issued on the same day as this panel's earlier opinion, this panel is bound by *Jackson* because that opinion was published, whereas this panel's opinion was not. MCR 7.215(C)(2). Thus, applying *Jackson* to this case, the trial court erred when it held that defendants were not required, as a matter of law, to provide plaintiff with any compensation under *Rafaeli* because the property was not sold at auction and no surplus proceeds existed. Rather, a compensable taking can occur when a public body purchases a foreclosed property for an amount just covering (or not even) unpaid taxes and related costs, but which has an actual, fair market value well in excess of that amount.

## III. CONCLUSION

Accordingly, this panel's prior opinion is vacated. We do not resolve the question of which limitations period applies to plaintiff's action and remand that matter for the trial court to resolve

in the first instance. With respect to the trial court's grant of summary disposition, we reverse as explained here and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney